UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN DAVID MATTHEWS,

Plaintiff,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

CASE NO. 3:15-CV-05795-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: FEBRUARY 12, 2016

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is defendants' motion to dismiss. Dkt. 15.

Plaintiff alleges that while incarcerated at Stafford Creek Corrections Center ("SCCC") defendants returned his incoming mail to the sender. *See* Dkt. 11. Defendants argue that plaintiff has failed to state a claim and move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 15.

The return of improperly addressed mail to the sender does not constitute a rejection of incoming mail that entitles plaintiff to procedural due process safeguards. Thus, the Court

recommends granting defendants' motion but allowing plaintiff leave to amend his complaint with respect to his due process claim and any alleged facts supporting personal participation of the named defendants. The remainder of plaintiff's claims should be dismissed without leave to amend.

**STANDARD OF REVIEW**

A court may grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1990)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 US 519 (1972), *reh'g denied*, 405 U.S. 948 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc) (petitioner should be afforded the "benefit of any doubt").

While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting*

*Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). The court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**MATERIALS FOR CONSIDERATION**

When resolving a motion to dismiss for failure to state a claim, a district court may not consider materials outside the complaint and the pleadings. *See Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001); *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998)*; Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (same standard of review for Rule 12(b)(6) and Rule 12(c) motions). The court may, however, consider materials properly submitted as part of the complaint, *see Gumataotao*, 236 F.3d at 1083; *Cooper*, 137 F.3d at 622-23, as well as "document[s] the authenticity of which [are] not contested, and upon which the plaintiff's complaint necessarily relies," even if they are not attached to the complaint, *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006); *see also Dunn v. Castro*, 621 F.3d 1196, 1204 n.6 (9th Cir. 2010); *Dent v. Cox Communications Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Because plaintiff's complaint relies on DOC Policies 450.100, *see* Dkt. 11, the Court will consider defendants' submission of these materials for purposes of ruling on this motion. Dkt. 8 at Exhibit 1, Exhibit 2 because it is a "document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," *Parrino v. FHP, Inc.*, 146 F.3d at 706. The Court notes that while plaintiff stated in his response that he had not been provided with a

copy of DOC Policy 450.100 that was attached to defendants' motion, *see* Dkt. 17 at 2, he acknowledges that he received a copy of the policy on December 30, 2015. Dkt. 20 at 1.

**PROCEDURAL HISTORY**

This case was removed from Thurston County Superior Court on November 3, 2015. Dkt. 1. Defendants filed their motion to dismiss on December 8, 2015. Dkt. 15. Plaintiff filed a response, Dkt. 17, defendants filed a reply, Dkt. 18, and plaintiff filed a surreply, Dkt. 19, Dkt. 20. The Court notes that Dkt. 20 appears to be a duplicate of Dkt. 19, but that the text is easier to read in Dkt. 20. Thus the Court will refer to Dkt. 20 in this report and recommendation.

**STATEMENT OF FACTS**

Plaintiff Brian David Matthews is a Washington state prisoner in the custody of the Department of Corrections ("DOC") and is currently housed at SCCC. Dkt. 11 at 2.

According to plaintiff's complaint, on August 23, 2012, April 12, 2013, May 31, 2013, March 13, 2015, and August 6, 2015, unidentified SCCC mailroom personnel, defendants John Does, opened and returned to sender mail that was addressed to plaintiff. Dkt. 11 at 6-7. Plaintiff alleges that he was never issued a rejection notice or other notification related to the returned mail. *Id.* at 7. Plaintiff alleges that the mail was not marked or identified as "legal mail." *Id.* Plaintiff alleges that the returned mail had a sticker or stamp affixed to the envelope which stated that the mail was returned to the sender for not having a DOC inmate number on the envelope. *Id.* at 8. Plaintiff alleges that the mail received on August 6, 2015 contained his DOC inmate number but that the DOC inmate number was listed as part of the street address and was not clearly labeled. *Id.* at 25.

Plaintiff alleges that on September 21, 2012, he filed a formal complaint with defendant Glebe regarding the lack of notification of withholding mail. *Id.* at 8. Plaintiff alleges that

defendant Glebe refused to take action. *Id.* Plaintiff alleges that on October 10, 2012 and June 18, 2013, plaintiff complained to defendant Warner, who also refused to take action. *Id.*

Plaintiff seeks a declaratory judgment, an order enjoining defendants from any further violations, an order compelling defendants to issue written notice of withholding delivery of incoming prisoner mail, punitive damages, compensatory damages, nominal damages, and statutory attorney's fees. Dkt. 11 at 16-17.

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527 (1981). A third element of causation is implicit in the second element. *See Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert denied*, 449 U.S. 875 (1980).

Defendants do not contend that plaintiff has failed to allege that defendants were acting under color of state law at the time of the alleged incident. *See* Dkt. 15. Thus, the Court proceeds to consider whether plaintiff has sufficiently alleged that defendants have deprived plaintiff of his constitutional rights.

**A. First Amendment**

As an initial matter, the Court notes that defendants do not directly address plaintiff's First Amendment claim in their motion to dismiss. *See* Dkt. 15. In their reply, defendants contend that plaintiff's First Amendment claim and his claim that defendants have a pattern and

practice of violating freedom of speech, Dkt. 11 at 10-13, is captured by defendants' response to plaintiff's due process claim.

The Court agrees and finds that plaintiff has not pled any facts showing that his speech or freedom of expression was restricted in any way. *See Procunier v. Martinez,* 416 U.S. 396, 417-19 (1974); *Krug v. Lutz,* 329 F.3d 692, 698 (9th Cir. 2003). Thus, the Court discusses plaintiff's allegations of First Amendment violations in relation to his due process claim.

**B. Fourteenth Amendment**

Plaintiff alleges that defendants violated his due process rights when his five pieces of incoming mail were returned to the sender and plaintiff did not receive a mail rejection notice. Dkt. 11 at 9-10. Defendants argue that plaintiff's claim fails because his mail was not rejected, but instead, it was returned to the sender and plaintiff was not prevented from receiving the mail. Dkt. 15 at 5-6.

"It is well-established that '[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.'" *Burnsworth v. Gunderson,* 179 F.3d 771, 774 (9th Cir. 1999) (*quoting Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972)). "Under *Sandin*, a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that imposes an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995). "There is no single standard for determining whether a prison hardship is atypical and significant, and the 'condition or combination of conditions or factors [of the alleged hardship] . . . requires case by case, fact by fact consideration.'" *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (*quoting Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)). If the

hardship is sufficiently significant, the court must then determine whether the procedures satisfied due process. *Sandin,* 515 U.S. at 484; *Keenan*, 83 F.3d at 1089.

When a prison rejects or returns mail to the sender because of the content of the mail, a prisoner's First Amendment rights are implicated and the prisoner is entitled to due process procedures. *Procunier v. Martinez,* 416 U.S. 396, 417–18 (1974) *overruled on other grounds by Thornburgh v. Abbott,* 490 U.S. 401, 413–14 (1989). *See also Frost v. Symington,* 197 F.3d 348, 353 (9th Cir. 1999) (prisoners have a "Fourteenth Amendment due process liberty interest in receiving notice that ... incoming mail is being withheld by prison authorities"). Thus, prisoners are protected from "arbitrary government invasion," and any decision to censor or withhold delivery of mail must be accompanied by "minimum procedural safeguards." *Martinez,* 416 U.S. at 418.

Where a prisoner's liberty interest has been implicated, the following minimum procedures are required: (1) notifying the inmate of the rejection of a letter; (2) allowing the author of the letter a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the person who made the censorship decision. *Id.* The Ninth Circuit "has repeatedly acknowledged that withholding delivery of inmate mail must be accompanied by the minimum procedural safeguards" established in *Martinez. Krug v. Lutz,* 329 F.3d 692, 697–98 (9th Cir. 2003) (*citing Sorrels v. McKee,* 290 F.3d 965, 972 (9th Cir. 2002) and *Prison Legal News v. Cook,* 238 F.3d 1145 (9th Cir. 2001)).

On the other hand, courts have held that the return of mail because of defects apparent on the outside of the envelope, as opposed to security concerns raised by the content of the mail, does not implicate First Amendment or due process rights. *See Starr v. Knierman,* 474 Fed. App'x 785 (1st Cir. 2012) (holding that plaintiff failed to state a due process claim in alleging

that a prison failed to provide him with notice and/or an opportunity to appeal return of his mail due to the use of a sticker on the envelope); *Sikorski v. Whorton*, 631 F. Supp. 2d 1327, 1348-49 (D. Nev. 2009) (finding that defendants were not required to provide plaintiff with notice and an opportunity to appeal a decision to return mail to the sender for defects noticeable on the outside of the envelope); *Jeffries v. Snake River Corrections-Oregon*, 2008 WL 3200802 *1 (D. Or. 2008) (same) *affirmed* 362 Fed. Appx. 587 (9th Cir.2009) (affirmed regarding plaintiff's First Amendment claims on the basis that there were valid penological reasons for the policies in place).

Here, similar to the facts in *Jeffries, Starr,* and *Sikorski,* plaintiff alleges that his mail was opened and then returned to the sender because of defects apparent on the envelope, specifically the lack of a DOC inmate number. Dkt. 11 at 6-7. Plaintiff further asserts that there was a stamp or sticker on the envelope noting the reason for the return. *Id.* Although *Jeffries, Starr,* and *Sikorski* are not binding on this Court, the Court finds that those three cases are persuasive on this issue and that the return of mail based on a deficiency apparent on the envelope does not implicate plaintiff's First Amendment or due process rights. *See Starr,* 474 Fed. App'x 785; *Sikorski*, 631 F. Supp. 2d at 1348-49; *Jeffries,* 2008 WL 3200802 at *1. *But see Martinez,* 416 U.S. at 417-18 (mail destroyed or withheld based on its content implicates First Amendment and due process rights). Plaintiff has not alleged that defendants opened his mail and returned it to the sender because of the content of the mail, but rather that the only reason for the return was the lack of the DOC inmate number on the envelope. As defendants point out, the sender could resend plaintiff's mail with the DOC inmate number clearly marked on the envelope and plaintiff's mail was never withheld or destroyed. Dkt. 15 at 6. Thus, the Court finds that plaintiff

has failed to allege that the returned mail was a deprivation of life, liberty, or property requiring due process.

Assuming all material allegations of the complaint are admitted and after liberally construing the complaint in his favor, plaintiff has failed to allege facts sufficient to support his Fourteenth Amendment due process claim and the claim should be dismissed. However, as discussed below, plaintiff should be granted leave to amend his complaint.

**C. Personal Participation of Defendants Glebe, Warner, Pacholke, Gilbert, and Sullivan**

Plaintiff alleges that defendants Glebe, Warner, Pacholke, Gilbert and Sullivan are liable based on their positions within the DOC and/or SCCC and that they have a supervisory responsibility for any conduct that occurs in the SCCC mailroom. Dkt. 11 at 3-4. Defendants allege that even if plaintiff has stated a due process claim, plaintiff has failed to allege personal participation of defendants Glebe, Warner, Pacholke, Gilbert and Sullivan. Dkt. 15 at 8-9. The Court finds that plaintiff has failed to link the named defendants to any alleged constitutional violation.

In order to obtain relief against a defendant under 42 U.S.C. §1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused

a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. The plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Rizzo*, 423 U.S. at 371.

"A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (holding that "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates").

Here, plaintiff has failed to allege sufficient facts to support a claim against defendants Glebe, Warner, Pacholke, Sullivan and Gilbert. Plaintiff alleges that defendant Warner was the former secretary of the DOC, defendant Pacholke is the current secretary of the DOC, defendant Glebe was the former superintendent of SCCC, defendant Gilbert is the current superintendent of the SCCC, and that defendant Sullivan is the sergeant of the SCCC mailroom. Dkt. 11 at 3-4. Plaintiff also alleges that these defendants were involved in responding to grievances regarding incoming mail, that they knew of the alleged returned mail, and that they generally violated plaintiff's civil rights. Dkt. 11 at 9-11.

Even construing plaintiff's complaint liberally, he has not stated any facts to support his conclusory allegations these defendants knew of any allegedly unconstitutional conduct or that they acquiesced in any unconstitutional conduct. *See Starr*, 652 F.3d at 1207. Although plaintiff has alleged that he submitted grievances to defendants Glebe and Warner, there is no constitutionally protected right to a specific grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. While plaintiff's allegations may show that defendants Glebe and Warner were aware of plaintiff's complaints, the denial of grievances, in itself, is not a constitutional violation. Plaintiff has not alleged any specific facts showing any affirmative act was taken by defendants Glebe, Warner, Pacholke, Gilbert or Sullivan that caused any constitutional violation.

Thus, the Court finds that plaintiff has failed to allege personal participation by defendants Glebe, Warner, Pacholke, Gilbert, and Sullivan and the Court recommends that plaintiff's claims against these defendants be dismissed. As noted below, however, plaintiff should be given an opportunity to file an amended complaint to allege facts, if he can, that show personal participation of defendants Glebe, Warner, Pacholke, Gilbert and Sullivan in some alleged violation of plaintiff's constitutional rights. So far, he has not done so.

**D. DOC as Defendant and Damages Claims Against Defendants Glebe, Warner, Pacholke, Gilbert and Sullivan**

Plaintiff includes the DOC as a defendant in his civil rights claim. *See* Dkt. 11. Plaintiff also names defendants Glebe, Warner, Pacholke, Gilbert and Sullivan in their official capacities. Dkt. 11 at 4. Section 1983 creates a cause of action for a plaintiff whose constitutional rights have been violated by any "person" acting under color of law. 42 U.S.C. § 1983. However, for

the purposes of § 1983, a state is not a "person." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, an agency that is an arm of the state is also not a "person" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment). In addition, a suit against a state official in his official capacity is no different from a suit against the State itself. *Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) ("state officials sued in their official capacities are not 'persons' within the meaning of § 1983).

Accordingly, the undersigned recommends that defendant DOC and any damages claims against defendants Glebe, Warner, Pacholke, Gilbert and Sullivan in their official capacities be dismissed.

**E.  State Law Claims**

Plaintiff alleges that he has a due process claim under Article I, Section 3 of the Washington State Constitution. Dkt. 11 at 13. As defendants correctly point out, Washington does not have a civil rights act akin to 42 U.S.C. § 1983 and alleged violations of the Washington State Constitution are not independently actionable torts. Dkt. 15 at 10; *Reid v. Pierce County*, 136 Wn.2d 195, 213 (1998); *Spurrell v. Bloch*, 40 Wn. App. 854, 861-62 (1985) (Washington due process clause does not constitute an independent cause of action; state may invalidate actions which do not conform with due process but may not award reparations); *Systems Amusement v. State*, 7 Wn. App. 516 (1972). Moreover, Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations without "the aid of augmentative legislation." *Blinka v. Washington*

*State Bar Ass'n*, 109 Wn. App. 575, 591 (2001) (*citing Systems Amusement,* 7 Wn. App. at 517); *see also Spurrell v. Bloch*, 40 Wn. App. at 861-62; *Reid*, 136 Wn.2d at 213.

In light of the lack of legislative guidance on the issue, and considering Washington courts' consistent refusals to recognize a cause of action in tort for constitutional violations, a state law constitutional claim cannot stand. Plaintiff may pursue his § 1983 claim under the U.S. Constitution. Dismissal of plaintiff's state constitutional claims will not remove any remedies from the plaintiff in this action. Thus, the Court recommends that plaintiff's claims with respect to violations under the Washington State Constitution be dismissed.

**F. Negligence Claims**

Plaintiff alleges that defendants Sullivan, Glebe and Warner were negligent in failing to prevent the alleged constitutional violations. Dkt. 11 at 14-15. However, plaintiff has not stated a cognizable claim under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (That the plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself necessarily demonstrate an abridgment of constitutional protections.); *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, the Court recommends that any negligence claims against defendants be dismissed.

**G. Leave to Amend Complaint**

Based on the complaint currently before the Court, defendants are entitled to have their motion to dismiss granted as to all of plaintiff's claims. However, the Ninth Circuit has established that pro se litigants bringing civil rights actions must be given an opportunity to amend their complaint to overcome deficiencies unless it is clear that such deficiencies cannot be overcome by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Plaintiff may be able to overcome the deficiencies of his pleading if he is given an opportunity to amend his due

process claim. Plaintiff should be given the opportunity to allege facts, if he can, to support a due process claim and from which it may be inferred that defendants Warner, Glebe, Pacholke, Gilbert and Sullivan violated his due process rights.

**CONCLUSION**

For the reasons set forth above, the Court recommends granting defendants' motion but allowing plaintiff leave to amend his complaint with respect to his due process claim and personal participation of defendants Glebe, Warner, Pacholke, Gilbert, and Sullivan. The Court recommends that plaintiff's amended complaint be filed by a date set by the Court. The Court recommends granting defendants' motion to dismiss as to all other claims without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 12, 2016** as noted in the caption.

Dated this 21st day of January, 2016.

J. Richard Creatura
United States Magistrate Judge