UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN DAVID MATTHEWS,

                    Plaintiff,

     v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, et al.,

                  Defendants.

CASE NO. C15-5795 BHS-JRC

ORDER ADOPTING REPORT
AND RECOMMENDATION IN
PART AND DECLINING TO
ADOPT IN PART

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 25), and the parties' objections to the R&R (Dkts. 26, 27).

## I. PROCEDURAL HISTORY

On October 19, 2015, Plaintiff Brian Matthews ("Matthews") filed a 42 U.S.C. § 1983 complaint against Defendants Washington State Department of Corrections ("DOC"), Bernard Warner, Patrick Glebe, Cheryl Sullivan, and John Doe in Thurston County Superior Court. Dkt. 1-2. Matthews is a prisoner currently housed at Stafford Creek Corrections Center. Dkt. 11 ("Comp.") ¶ 3. Defendants removed the suit to this Court on November 3, 2015. Dkt. 1.

On November 24, 2015, Matthews filed an amended complaint naming Daniel Pacholke and Margaret Gilbert as additional defendants.  Comp.  Matthews claims Defendants violated his First and Fourteenth Amendment rights by returning five pieces of his incoming mail to the sender without providing him notice.  *Id.* ¶¶ 35–58. Matthews also alleges state constitutional claims and negligence claims.  *Id.* ¶¶ 60–78. Matthews brings his claims against the individual defendants in their official and individual capacities.  *Id.* ¶ 11.

On December 8, 2015, Defendants moved to dismiss.  Dkt. 15.  In their motion, Defendants argued Matthews failed to state a claim.  *Id.* at 5–7, 10–12.  Defendants also contended Matthews failed to sufficiently allege the personal participation of the individual defendants.  *Id.* at 7–9.  Finally, Defendants argued Matthews's § 1983 claims for damages against the DOC and the individual defendants in their official capacities should be dismissed because these defendants are not "persons" under § 1983.  *Id.* at 9–10.

On February 11, 2016, Judge Creatura issued an R&R on Defendants' motion to dismiss.  Dkt. 25.  Judge Creatura recommended declining to dismiss Matthews's § 1983 claims against the DOC and the individual defendants in their official capacities because Defendants waived their Eleventh Amendment immunity when they removed the suit to this court.  *Id.* at 15.  Judge Creatura also recommended dismissing Matthews's due process and state law claims, but with leave to amend his due process claim and to allege facts showing personal participation of the individual defendants.  *Id.* at 2.

1    On February 17, 2016, Defendants filed objections to the R&R.  Dkt. 26.  On

2    February 22, 2016, Matthews filed objections.  Dkt. 28.  On March 10, 2016, Defendants

3    responded to Matthews's objections.  Dkt. 29.

## II. DISCUSSION

4

5    **A.    Matthews's Objections**

6    Matthews objects to the R&R on several grounds.  Dkt. 27.  First, Matthews

7    argues Judge Creatura lacked jurisdiction to issue the R&R because Matthews did not

8    consent to proceed before a magistrate judge.  *Id.* at 1–2.

9    Under 28 U.S.C. § 636(c), a magistrate judge "may conduct any or all proceedings

10   in a jury or nonjury civil matter and order the entry of judgment in the case," but only

11   with the parties' consent.  In the absence of consent, a magistrate judge's "power [is]

12   confined to the authority granted by 28 U.S.C. § 636(b)(1)."  *Reynaga v. Cammisa*, 971

13   F.2d 414, 416 (9th Cir. 1992).  Under § 636(b)(1), a magistrate judge may issue proposed

14   findings of fact and recommendations on certain motions, including motions to dismiss.

15   28 U.S.C. § 636(b)(1)(B).  This Court may then "accept, reject, or modify, in whole or in

16   part, the findings or recommendations made by the magistrate judge."  *Id.* § 636(b)(1).

17   Although Matthews did not consent to proceed before a magistrate judge, Judge

18   Creatura nevertheless had authority to issue the R&R on Defendants' motion to dismiss

19   under § 636(b)(1).  Indeed, the R&R was issued pursuant to that authority.  *See* Dkt. 25 at

20   1.  The Court will proceed to address the remaining objections.

21   Matthews also objects to Judge Creatura's recommendation that Matthews's due

22   process claim should be dismissed with leave to amend.  Dkt. 27 at 2–4.  The dismissal of

1    a complaint with leave to amend is a non-dispositive matter.  *McKeever v. Block*, 932

2    F.2d 795, 798 (9th Cir. 1991).  Matthews's objections are therefore governed by Federal

3    Rule of Civil Procedure 72(a).  Under Rule 72(a), the Court "must consider timely

4    objections and modify or set aside any part of the order that is clearly erroneous or is

5    contrary to law."  Fed. R. Civ. P. 72(a).

6           Judge Creatura's recommendation with respect to Matthews's due process claim is

7    not clearly erroneous or contrary to law.  Although Judge Creatura relied on cases that

8    were not binding on this Court, the Court agrees with Judge Creatura that these cases are

9    persuasive.  *See* Dkt. 25 at 7–8.  Matthews will have the opportunity to amend his

10   complaint to cure the deficiencies highlighted in the R&R.

11          Finally, Matthews objects to Judge Creatura's recommendation that his § 1983

12   claims against the individual defendants should be dismissed with leave to amend

13   because Matthews failed to allege sufficient facts showing personal participation.  Dkt.

14   27 at 4–5.  Judge Creatura's recommendation on this issue is also not clearly erroneous or

15   contrary to law.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Johnson v.*

16   *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Matthews may also amend his complaint to

17   allege facts, if any, showing personal participation.

18   **B.     Defendants' Objections**

19          Defendants object to Judge Creatura's recommendation that Matthews's § 1983

20   claims for damages against the DOC and the individual defendants in their official

21   capacities should not be dismissed.  Dkt. 26 at 3.  Judge Creatura reasoned that

22   Defendants had waived their Eleventh Amendment immunity when they removed the suit

ORDER - 4

1    to this Court.  Dkt. 25 at 12–13.  Defendants argue they did not raise Eleventh

2    Amendment immunity in their motion to dismiss, but instead raised the separate,

3    statutory argument that they are not "persons" within the meaning of § 1983.  Dkt. 26 at

4    3.

5            The scope of Eleventh Amendment immunity and the scope of § 1983 are related,

6    but separate, issues.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989);

7    *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617–18 (2002); *Bank of*

8    *Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 917–18 (9th Cir. 2003).  Defendants may

9    argue they are not "persons" under § 1983 regardless of whether Eleventh Amendment

10   immunity is available.  *See Lapides*, 535 U.S. at 617–18; *Bank of Lake Tahoe*, 318 F.3d

11   at 917–18.  Because Judge Creatura did not address Defendants' statutory argument, the

12   Court declines to adopt Judge Creatura's recommendation in Section D of the R&R.

13           With respect to Defendants' statutory argument, a plaintiff may only maintain an

14   action under § 1983 if the defendant was a "person" acting under color of state law.  *See*

15   42 U.S.C. § 1983.  States, state agencies, and state officials sued in their official capacity

16   for damages are not "persons" under § 1983.  *Will*, 491 U.S. at 66; *Maldonado v. Harris*,

17   370 F.3d 945, 951 (9th Cir. 2004).  Matthews brings his § 1983 claims for damages

18   against the DOC and the individual defendants in their official capacities.  Because these

19   defendants are not "persons" who may be sued under § 1983, the Court grants

20   Defendants' motion and dismisses those claims.    48

21

22

ORDER - 5

**III. ORDER**

The Court having considered the R&R, the parties' objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED in part** and **DECLINED in part** as stated herein;

(2)     Matthews's § 1983 claims for damages against the DOC and the individual defendants in their official capacities are **DISMISSED with prejudice**;

(3)     Matthews shall file an amended complaint by May 6, 2016; and

(4)     This case is re-referred to Judge Creatura.

Dated this 11th day of April, 2016.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6