UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN DAVID MATTHEWS,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CASE NO. 3:15-CV-05795-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: JUNE 17, 2016 |

The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

The Court recommends that the action be dismissed with prejudice. Plaintiff has failed to comply with a Court order and failed to prosecute this action.

BACKGROUND

On February 11, 2016, this Court recommended that defendants' motion to dismiss (Dkt. 15) be granted in part and denied in part and that plaintiff Brian David Matthews be given an

REPORT AND RECOMMENDATION - 1

opportunity to file an amended complaint with respect to his due process claim and personal participation of defendants Glebe, Warner, Pacholke, Gilbert and Sullivan.  Dkt. 25.  On April 11, 2016 the District Court adopted the undersigned's recommendation in part, dismissed plaintiff's claims for damages against defendant DOC and the individual defendants in their official capacities and ordered plaintiff to file an amended complaint by May 6, 2016 on his remaining due process claim. Dkt. 30. Plaintiff has failed to do so.  *See* Dkt.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal if plaintiff fails to prosecute or to comply with a court order. The dismissal counts as an adjudication on the merits unless the Court provides otherwise.

Here, the Court allowed plaintiff an opportunity to provide factual allegations to support his due process claim and personal participation of defendants Warner, Glebe, Sullivan, Pacholke, and Gilbert.  Dkts. 25, 30. Yet, plaintiff has failed to file an amended complaint. Plaintiff has failed to comply with the Court's order and has also failed to prosecute this action. Plaintiff does not show good cause for not complying with the Court's order. Accordingly, the Court recommends dismissal of this action with prejudice.

## CONCLUSION

The Court recommends that this action be dismissed with prejudice for failure to prosecute and failure to comply with a Court order. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

1  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the

2  matter for consideration on **June 17, 2016**, as noted in the caption.

3      Dated this 24th day of May, 2016.

4

5  _____
   J. Richard Creatura
6  United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3